RYAN G. CAINE,

                          Plaintiff,

        v.                                          Case No. 24-cv-822-pp

YVONNE EKONOMOU, *et al.*,

                          Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 33) AND DENYING PLAINTIFF'S MOTION TO SUBPOENA VIDEO EVIDENCE (DKT. NO. 34)**

Plaintiff Ryan G. Caine, who is incarcerated at the Wisconsin Resource Center and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on: (1) an Eighth Amendment excessive force claim and a Wisconsin state law negligence claim against defendant Lana Hartzheim for allegedly unnecessarily tasering the plaintiff while he lay in his cell in the fetal position and for allegedly yanking on the tether which caused the plaintiff to fly in the air and land on his head; (2) an Eighth Amendment medical care claim and a Wisconsin state law negligence claim against defendant Jenney Caylor for allegedly not stopping the plaintiff's transfer to Redgranite Correctional Institution; and (3) an Eighth Amendment medical care claim against defendant Yvonne Ekonomou for allegedly abruptly stopping the plaintiff's medication. Dkt. No. 9 at 8-9. This order addresses the

1

plaintiff's motion to appoint counsel, dkt. no. 33, and his motion to subpoena video evidence, dkt. no 34.

In support of his motion to appoint counsel, the plaintiff states that he does not adequately understand the law and cannot prosecute the case himself, "beyond the very basics." Dkt. No. 33 at 2. The plaintiff asserts that his mental health condition contributes to his inability to prosecute the case. Id. He says that he needs more time for discovery because, without a lawyer, it is very difficult for him to provide the defendants with the medical records they requested. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of volunteer counsel resources, the

2

court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other

3

characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The instant motion is the plaintiff's second request for the court to appoint him counsel. In considering the plaintiff's first motion, the court determined that the plaintiff made a reasonable attempt to find a lawyer. Dkt. No. 9 at 10-12. But the court denied the motion without prejudice because the case was at a very early stage and because the plaintiff's filings showed that he could conduct discovery and respond to a motion for summary judgment. Id. at 12. Currently, defendants Caylor and Hartzheim have filed a motion for partial summary judgment on exhaustion grounds, dkt. no. 23, and the plaintiff filed a response to the motion on the same day he filed his motion to appoint counsel, dkt. no. 32. Defendant Ekonomou also has filed a motion for summary judgment on exhaustion grounds, dkt. no. 27, and the plaintiff's response is due by September 8, 2025. The plaintiff's filings show that he can respond to these summary judgment motions on exhaustion grounds. After the court resolves the motions, the plaintiff may renew his motion to appoint counsel. If he chooses to renew it, he should include specific information about how his mental condition prevents him from conducting discovery and responding to a motion for summary judgment on the merits. The court will deny the plaintiff's motion to appoint counsel without prejudice.

4

On the same day the court received the plaintiff's motion to appoint counsel and his response to defendants Caylor and Hartzheim's motion for partial summary judgment on exhaustion grounds, the court received from him a motion to subpoena video evidence. Dkt. No. 34. In this motion, the plaintiff moves to subpoena video footage from May 19-20, 2023 that Dodge Correctional Institution Warden Jason Benzel has retained for him. Dkt. No. 34. He says that he cannot receive flash drives or memory storage devices due to his incarceration. Id. The plaintiff attached to his motion a letter from Warden Benzel stating that the video the plaintiff requested from May 19-20, 2023 has been retained and asking him to narrow the scope of his requests. Dkt. No. 34-1.

Typically, incarcerated individuals may view videos by contacting the appropriate staff member at their institution, such as a litigation coordinator. If the plaintiff wants to submit video evidence to the court, he also may ask his litigation coordinator about doing that. If the plaintiff is unable to view or access the videos by contacting staff at his institution, he may submit a discovery request to defendants Caylor and Hartzheim with specific information about what he believes he needs regarding the videos. The videos have been retained, and the plaintiff may pursue the steps described above for viewing and/or submitting videos to the court. The plaintiff's motion to subpoena the videos is unnecessary and the court will deny the motion. If the plaintiff is unable to view the videos by following the steps above or if he is not able to get

help submitting to the court any videos he wants to submit, he may file a motion to compel discovery.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 33.

The court **DENIES AS UNNECESSARY** the plaintiff's motion to subpoena video evidence. Dkt. No. 34.

Dated in Milwaukee, Wisconsin this 29th day of August, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

6